**In re Clarence Arol MOORE, Debtor.**

**Georgie Lou MOORE, Plaintiff,**

v.

**Clarence Arol MOORE, Debtor.**

**Bankruptcy No. 5–80–00036.**
**Adv. No. 5–80–0021.**

United States Bankruptcy Court,
N. D. Texas,
Lubbock Division.

May 27, 1980.

James A. Walters, Lubbock, Tex., for debtor-defendant.

Gerald Anderson, Lubbock, Tex., for plaintiff.

Thomas J. Griffith, Lubbock, Tex., for respondent, Georgie Lou Moore.

MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

Debtor, Clarence Arol Moore, filed Chapter 13 proceeding on May 14, 1980. Contemporaneously with the filing of his petition under Chapter 13 he filed Petition for Removal to this Court of a portion of a pending civil proceeding in state court. This Memorandum is filed after trial of the relevant issues on Motion to Remand.

On February 19, 1980, trial had commenced before a jury on the issues in cause number 3751 in the District Court of Lynn County, Texas styled *"In the Matter of the Marriage of Georgie Lou Moore and Clarence Arol Moore"*. The jury returned verdict on February 21, 1980, which the trial judge accepted as being advisory in nature only. The trial judge entered judgment on April 4, 1980, granting a divorce to Georgie Lou Moore and partitioning the community property and the community liabilities between the parties.

Among other properties the parties had owned as community property a half section (320 acres) of irrigated farm land and a quarter section (168 acres) dry land farm in Lynn County, Texas. The dry land farm had been owned originally by the family of Georgie Lou Moore, but she and Clarence Arol Moore had purchased it on favorable terms during their marriage. The trial judge partitioned the irrigated farm, among other properties, to Clarence Arol Moore and partitioned the dry land farm, among other properties, to Georgie Lou Moore.

Within days after the decree was entered Georgie Lou Moore agreed to lease the dry land farm on a cash lease of $8,200.00 to a third party, one David Franklin. Franklin paid the money for the cash lease [1] to Georgie Lou Moore, entered upon the premises, applied fertilizer and Treflan, and prepared the land for listing.

Clarence Arol Moore, debtor, was not satisfied with the court's partition of the community property and determined to appeal that decision to the Court of Civil Appeals of Texas. He filed motion for new trial on April 14, 1980, and amended motion for new trial on May 2, 1980. He communicated in some manner to Mr. Franklin that he, the debtor, was going to farm the dry land farm, moved on the farm to cultivate it, and dispossessed Mr. Franklin.

Georgie Lou Moore was distressed by that development. She had already received the cash lease money of $8,200.00. The state court record indicates that the divorce proceedings had been less than amicable and Mrs. Moore was opposed to Mr. Moore's summary decision to take possession of property awarded to her in the decree.

On May 12, 1980, Georgie Lou Moore filed an ancillary proceeding in cause number 3751, seeking temporary restraining order, temporary injunction, and permanent injunction against the interfering in any manner by Clarence Arol Moore with her exclusive possession of the property awarded to her in the decree of April 4, 1980. The trial judge entered temporary restraining order without notice and scheduled hearing on temporary injunction for May 15, 1980, at 10:00 o'clock A.M.

On May 14, 1980, debtor filed his Chapter 13 pleadings in this Court, and filed the challenged petition for removal of the injunction proceedings, pursuant to 28 U.S.C. § 1478 and to Interim Rule 7004. Mrs. Moore filed Motion to Remand on May 20, 1980, and, because an emergency appeared to be presented by the unsettled issue as to the farming of the dry land farm, trial was conducted with consent of all parties for shortened notice.

Debtor argues that the Bankruptcy Court, pursuant to 28 U.S.C. § 1471(e) has *exclusive* jurisdiction of all property, wherever located, of the debtor. He contends that until the appeal has been determined by the Court of Civil Appeals the trial judge's order of April 4, 1980, awarding the dry land farm to Mrs. Moore, is not a final judgment and that he still has an interest in the farm within the meaning of 11 U.S.C § 541. He posits that since jurisdiction over his interest in the dry land farm is *exclusive* this Court has no authority to remand the case to the state courts and that 28 U.S.C. § 1471(d) is not applicable. He further argues that it is necessary to any plan to be filed in the Chapter 13 proceeding that he must be permitted to farm the dry land farm while the appeal is pending, because the farming of that land, in addition to his irrigated farm, is expedient, if not necessary, to his chances of obtaining financing for the 1980 crop year.

The position advanced by Georgie Lou Moore is that the injunction proceedings in state court might be a civil proceeding which is related to cases under Title 11, but that equitable grounds, if not legal grounds, exist so that the case should be remanded to the state court for determination.

Despite the debtor's claim that he has taken the necessary procedural steps to perfect appeal and to prevent the state court decree of April 4, 1980, from becoming final his present interest in the dry land farm is, at best, amorphous. A court of competent jurisdiction has determined that title to the dry land farm is vested in Georgie Lou Moore. Debtor has available to him remedies provided by the state courts to oppose the petition for injunction in the ancillary state court proceedings, to show cause why he should be permitted to farm the dry land farm, and to present all of the matters to that state trial court which he has urged before the Bankruptcy Court. The evi-

---

1. A written lease was subsequently executed, but before its execution Debtor had informed Franklin that he, the Debtor, intended to farm the dry land farm and was appealing the decree of April 4, 1980.

dence before this court mandates that the Bankruptcy Court should not entertain the state court injunction proceedings and should not make the determination concerning farming of the land while the case is on appeal. This decision is bottomed on federalism and resultant policy necessary to the smooth functioning of a dual court system, state and federal. It is a matter of comity, if not of jurisdiction, and the federal courts would not be powerless to act. However, there are orderly state procedures which are being followed in this case and unless and until the highest appellate court to which appeal is taken reverses the trial court on the issue of the partition of the property this court should not take cognizance of the injunction proceedings. This case should be remanded to the District Court of Lynn County, Texas.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk is directed to enter this order, to send a certified copy of this Memorandum and Order to the District Clerk of Lynn County, Texas, and to furnish a copy to each attorney of record.