In re UNIVERSAL PROFILE,
INC., Debtor.

UNIVERSAL PROFILE, INC., Plaintiff,

v.

ATLANTA FEDERAL SAVINGS AND
LOAN ASSOCIATION, E. John Hosch,
Rex Baker, Jesse Jordan, Elizabeth Ann
Ekern f/k/a Elizabeth Ann Kandell,
Universal Profile Trust, and John L.
Westmoreland, Jr., Defendants.

and

Elizabeth Ann EKERN f/k/a Elizabeth
Ann Kandell, Third–Party Plaintiff,

v.

Karl A. KANDELL, Third–Party
Defendant.

Bankruptcy No. 80–00358A.
Adv. No. 80–0222A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Sept. 18, 1980.

See also, Bkrtcy., 5 B.R. 572; Bkrtcy.,
6 B.R. 190; Bkrtcy., 6 B.R. 196.

Joseph F. Page, Robin N. Loeb, Garland,
Nuckolls, Kadish, Martin & Catts, P. C.,
Atlanta, Ga., for Elizabeth Ann Ekern.

Donald J. Ellis, Carroll, Greenfield, Beltran, Ellis, Atlanta, Ga., for Karl A. Kandell.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

A "Motion to Dismiss Third Party Defendant's Counterclaim for Want of Subject Matter Jurisdiction" filed by defendant and third party plaintiff Elizabeth Ann Ekern brought the matters involved herein before this Court. Upon reviewing the motion and the briefs submitted by the parties the Court makes the following entry.

## FINDINGS OF FACT

1. A voluntary petition under chapter 11 of title 11 of the United States Code was filed by Universal Profile, Inc., (hereinafter referred to as "UPI") on February 5, 1980.

2. Karl A. Kandell, (hereinafter referred to as "Kandell") is the sole director, officer and shareholder of UPI.

3. Elizabeth Ann Ekern, (hereinafter referred to as "Ekern") is the former wife of Kandell.

4. The present adversary proceeding was commenced by UPI's "Complaint to Sell Free and Clear of Liens" filed on March 17, 1980. UPI desires to sell two dwellings and improvements located on seven acres of land.

5. The real property which is the subject matter of the instant adversary proceeding was the marital residence of Ekern and Kandell.

6. On May 30, 1979 Ekern and Kandell entered into a settlement agreement which settled their rights with regard to their property, alimony, child custody, child support and related matters.

7. By virtue of this settlement agreement Ekern claims an interest in the real estate UPI wishes to sell.

8. An "Answer, Counterclaim and Third Party Complaint" was filed by Ekern on June 16, 1980. It is alleged that UPI is bound by the settlement agreement for various reasons that are not pertinent to the issue presently before the Court. The third party complaint against Kandell asserts claims of breach of contract and fraud with respect to the settlement agreement.

9. Kandell responded to the third party complaint by filing an "Answer and Counterclaim" on May 27, 1980. The counterclaim requests this Court to modify the Final Judgment and Decree entered by the Superior Court of Cobb County, Georgia, which awards periodic payments of alimony and child support, so as to decrease the payments commensurate with Kandell's changed income and financial status.

10. On June 16, 1980 Ekern filed a "Motion to Dismiss Third Party Defendant's Counterclaim for Want of Subject Matter Jurisdiction." In the alternative Ekern has filed a "Motion to Strike Certain Portions of Defendant's Counterclaim."

## APPLICABLE LAW

Ekern contends that this Court does not have subject matter jurisdiction over Kandell's counterclaim for the reasons that the determination of this controversy is not necessary to the administration of UPI's estate. It is also argued that if it is determined that this Court does have subject matter jurisdiction over Kandell's counterclaim, the Court should yield its jurisdiction to the Superior Court system of Georgia.

Chapter 90, Sections 1471 through 1482 were added to 28 U.S.C. by Section 241(a) of the Bankruptcy Reform Act of 1978, Public Law 95–598. Although 28 U.S.C. Chapter 90 does not become law until April 1, 1984, the amendments made by Section 241 of the Bankruptcy Reform Act are applicable to bankruptcy courts during the transition period. Title IV, Section 405(b) of the Bankruptcy Reform Act of 1978, Public Law 95–598.

The applicable statutory provision is 28 U.S.C. § 1471, the pertinent part of which reads:

"(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings under title 11 or arising in or related to cases under title 11."

This Court is being asked to delve into the domestic relations law of the state of Georgia to determine the rights of two parties, neither of which is the debtor in this chapter 11 case.

There is no doubt that the provisions of 28 U.S.C. § 1471(b) were intended by Congress to significantly expand the jurisdiction exercised by the bankruptcy courts. See S.Rep. No. 989, 95th Cong., 1st Sess. (1978), U.S.Code Cong. & Admin.News 1978, p. 5787; H.R.Rep. No. 595, 95th Cong. 1st Sess. (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. This expanded jurisdiction is designed to facilitate the expeditious administration of a debtor's estate by enabling the bankruptcy court to hear disputes which formerly had to be litigated in other forums. However this grant of jurisdiction is not unlimited.

[C]ertain types of civil proceedings should be held not to be within the jurisdiction of the bankruptcy court, even though the debtor is involved in those proceedings.

For example, divorce or child custody matters are so intimately involved with state policies and law, and so tangentially involved with the title 11 case, that they probably are not 'related to' the title 11 case."

1 *Collier on Bankruptcy* (15th Edition) ¶ 3.01, p. 3–46.

 It has long been held that the whole subject matter of domestic relations is a matter peculiarly within the province of state law. *In Re: Burrus*, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890); *Shiffman v. Askew*, 359 F.Supp. 1225 (M.D.Fla.1973) affirmed sub nom. *Makres v. Askew*, 359 F.Supp. 1225 (M.D.Fla.1973) affirmed sub nom. *Makres v. Askew*, 500 F.2d 577 (5th Cir. 1974). The United States Supreme Court succinctly delineated the position of the federal courts with regard to domestic relations issues in *Barber v. Barber*, 21 How. 582, 584, 16 L.Ed. 226 (1859):

"We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony, either as an original proceeding in chancery or as an incident to divorce a vinculo, or to one from bed and board."

Accordingly, this Court concludes that it does not have subject matter jurisdiction over Kandell's counterclaims.

## CONCLUSIONS OF LAW

1. Issues pertaining to domestic relations are matters over which the sovereign states have an overriding concern. For this reason the bankruptcy court does not have jurisdiction to modify a divorce decree. It is therefore

ORDERED that Ekern's "Motion to Dismiss Third Party Defendant's Counterclaim for Want of Subject Matter Jurisdiction" shall be and same is hereby granted; and it is further

ORDERED that Ekern's "Motion to Strike Certain Portions of Defendant's Counterclaim" shall be and same is hereby denied as having been rendered moot by this Court's disposition of the motion to dismiss the third party defendant's counterclaim.