**In re Stanley KAPLAN, Debtor.**

**Gertrude KAPLAN, Plaintiff,**

v.

**Stanley KAPLAN, Defendant.**

**Bankruptcy No. 881–82999–18.**
**Adv. No. 881–0764–18.**

United States Bankruptcy Court,
E. D. New York.

April 2, 1982.

Shaw, Goldman, Licitra, Levine & Weinberg, P. C., Garden City, N. Y., for plaintiff; Dorothy Eisenberg, Garden City, N. Y., of counsel.

Stephen P. Gelfand, Smithtown, N. Y., for debtor-defendant.

### DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

This is an action commenced by Gertrude Kaplan (plaintiff) against her husband Stanley Kaplan (debtor-defendant) seeking to vacate the automatic stay imposed by § 362 and to permit the plaintiff to continue her matrimonial proceeding against the debtor-defendant in state court.

## FACTS

On May 6, 1981, plaintiff instituted an action for divorce against the debtor-defendant in Supreme Court of the State of New York, County of Nassau, in which plaintiff sought, *inter alia*, equitable distribution of the property of the parties to the marriage.

On July 24, 1981, an order was entered in Supreme Court awarding plaintiff temporary maintenance and support, custody of the children, exclusive occupancy of the marital residence, and possession of the family automobile.

On September 8, 1981, debtor-defendant filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. The matrimonial action was thereby stayed pending the outcome of the present proceeding.

The issue before the Court is whether, in the interest of justice, the Court should decline jurisdiction and allow the matrimonial proceeding, commenced prior to the filing of the bankruptcy petition, to continue in state court.

"It has long been held that the whole subject matter of domestic relations is a matter peculiarly within the province of state law." *In re Universal Profile, Inc.*, 6 B.R. 194, 2 C.B.C.2d 1212, 1215 (Bkrtcy.N.D. Georgia 1980). *See also In re Burrus*, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890).

In addition, state law is currently evolving in the area of domestic relations based on the gender-neutral requirement of decisional law of the United States Supreme Court.

The Domestic Relations Law of New York State was amended in 1980 to conform the statute to the constitutional mandate by providing for "equitable distribution" [1] of marital property. Although state courts have long been administering cases under the Domestic Relations Law, the area of "equitable distribution" is new. The guidelines, as provided in the statute,[2] are also new and have not yet been fully interpreted by the courts. Case law in the state courts is in the process of developing the proper meaning of this newly enacted statute.

Bankruptcy court is itself presently charting a course under the new Bankruptcy Code and is therefore particularly aware of the expertise that is necessary to interpret new legislation.

In *Jewel Terrace Corp. v. Kew Gardens Tenants League*, 3 B.R. 36 (Bkrtcy.E.D.New York 1980), Judge Joseph V. Costa held that where a prior state court proceeding has been commenced or where there are issues involving particular state court expertise, it is proper to defer to the state court.

---

1. § 236, Part B, 5. Disposition of property in certain matrimonial actions.

   . . . . .

   c. Marital property shall be distributed equitably between the parties, considering the circumstances of the case and of the respective parties.

2. § 236 B, 5.d.
   In determining an equitable disposition of property under paragraph c, the court shall consider:
   (1) the income and property of each party at the time of marriage, and at the time of the commencement of the action;
   (2) the duration of the marriage and the age and health of both parties;
   (3) the need of a custodial parent to occupy or own the marital residence and to use or own its household effects;
   (4) the loss of inheritance and pension rights upon dissolution of the marriage as of the date of dissolution;
   (5) any award of maintenance under subdivision six of this part;
   (6) any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of such marital property by the party not having title, including joint efforts or expenditures and contributions and services as a spouse, parent, wage earner and homemaker, and to the career or career potential of the other party;
   (7) the liquid or non-liquid character of all marital property;
   (8) the probable future financial circumstances of each party;
   (9) the impossibility or difficulty of evaluating any component asset or any interest in a business, corporation or profession, and the economic desirability of retaining such asset or interest intact and free from any claim or interference by the other party;
   (10) any other factor which the court shall expressly find to be just and proper.

Section 241(a) of the Bankruptcy Reform Act, Pub.L. 95–598, amended 28 U.S.C. by adding Chapter 90. Subsection 1471(d) of Chapter 90 states that a bankruptcy court may in the interest of justice abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise."

■ As stated in H.R.Rep.No.595, 95th Cong., 1st Sess. 446 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6401, this "subsection recognizes the exigencies that arise in such cases as *Thompson v. Magnolia Petroleum*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940), in which it is more appropriate to have a State court hear a particular matter of State law. The bankruptcy courts will not abstain, however, when no other court, Federal, State, or local, has jurisdiction over the proceeding in question. That clearly would not be in the interest of justice."

In *Thompson, supra,* the Supreme Court held that it is appropriate for a bankruptcy court to defer to State court where the issue involved an unsettled question of State law.[3]

■ The matrimonial proceeding commenced by the plaintiff falls squarely within those areas contemplated by § 1471(d).

In enacting § 1471(d) Congress recognized that "[o]ccasions arise when determination of an issue is best left to a court that decides similar issues regularly, especially if the issue is one that requires a particular expertise that the bankruptcy court does not have." H.R.Rep.No.595, 95th Cong., 1st Sess. 51 (1977), U.S.Code Cong. & Admin. News 1978, p. 6012.

In accordance with the legislative intent, as so stated, this Court concludes that the instant case presents an appropriate occasion for bankruptcy court to defer to State court.

Although plaintiff's complaint raises the additional issue of whether the property distributed to a wife under DRL § 236 is nondischargeable, the Court finds this issue to be premature.

■ Section 523(a)(5) of the Bankruptcy Code excepts from discharge any debt to a spouse for alimony, maintenance or support. However, what constitutes alimony, maintenance, or support, must be determined under the bankruptcy laws, not State law. H.R.No.95–595, 95th Cong., 1st Sess. 364 (1977). Such a determination by bankruptcy court requires that the court examine the document which provides for alimony, maintenance or support. *See In re Lineberry,* 9 B.R. 700, 704 (Bkrtcy.W.D.Missouri 1981).

The necessary documents cannot be reviewed by bankruptcy court until the matrimonial proceeding is concluded.

■ Until such time as State court makes an award of alimony, maintenance or support, bankruptcy court can make no determination as to the dischargeability of this debt.

For the reasons stated and on the facts and law, this Court hereby vacates the § 362 stay permitting the plaintiff to proceed in the matrimonial action presently pending in the Supreme Court of the State of New York, County of Nassau.

---

**3.** *Thompson* required a determination of a particular, unusual question of State real property law.