**In re John Kenneth ERICSON, Debtor.**

**Bankruptcy No. LA 82–18600–JD.**

United States Bankruptcy Court,
C.D. California.

Feb. 4, 1983.

Edward A. Villalobos, Long Beach, Cal., for debtor.

M. Alfred Karlsen, Encino, Cal., for Melodie Ericson.

## MEMORANDUM OF DECISION

JAMES R. DOOLEY, Bankruptcy Judge.

On October 25, 1982 the debtor, John Kenneth Ericson (hereinafter "debtor" or "defendant"), filed in this court a voluntary petition under Chapter 7 of the Bankruptcy Code. Thereafter, one Melodie Ericson (hereinafter "Melodie" or "plaintiff") filed a motion in the debtor's bankruptcy proceeding seeking orders of this court:

"1. To abstain from exercising jurisdiction over (a) the disputes between the debtor and the moving party herein, Melodie Ericson, which are the subject of a judgment of the Superior Court of California, County of Los Angeles, (b) the efforts to sell and the sale and disposition of real and personal property which the Superior Court has held to be owned jointly by the debtor and the moving party, and (c) the balancing of the accounts of the debtor and the moving party relating to the proceeds of the sale of said real and personal property.

2. To excuse compliance by Edward R. Wolkowitz, Esq., as custodian from the requirements of Section 543(a), (b) and (c) of the United States Bankruptcy Code (11 U.S.C. § 543)."

Melodie's motion and the documents annexed thereto establish, *inter alia,* that in December 1980 Melodie filed an action against the debtor in the Los Angeles County Superior Court, Case No. C 350396, seeking relief based upon a 15-year non-marital relationship with the debtor under the principles laid down in *Marvin v. Marvin* (1976), 18 Cal.3d 660, 134 Cal.Rptr. 815, 557 P.2d 106; and that following trial the Superior Court on April 8, 1982 filed its Interlocutory Judgment which, among other things, ordered partition of jointly owned real and personal property and appointed Edward M. Wolkowitz as referee to supervise the sale of the property. The Interlocutory Judgment decreed that Melodie and the debtor each owned a fifty percent interest in the following real and personal property:

1. A single family residence in Playa del Rey, California;

2. A parcel of unimproved real property in Lake Havasu City, Arizona;

3. A twenty-one foot Campbell Cruiser boat;

4. The household furniture, furnishings, fixtures, appliances, goods, and similar items used in connection with the aforementioned single family residence;

5. The sum of $1,388.98 received by the debtor as insurance proceeds paid to him by reason of the destruction by fire of a 1980 Buick automobile;

6. The sum of $2,952.51 withdrawn by the debtor from a joint tenancy savings account at Security Pacific National Bank; and

7. The sum of $4,400.00 withdrawn by the debtor from the joint tenancy savings of the parties at Rand Employees Federal Credit Union.

The Interlocutory Judgment also ordered the partition of the proceeds described in items 5, 6, & 7 above by surcharging the debtor in the sum of $2,370.75 and authorizing the deduction of the latter amount from the debtor's share of the proceeds from the sale of real and personal property. Also to be deducted from the debtor's share of the sale proceeds under the Interlocutory Judgment are: (1) $6,500, or 50% of the attorneys fees in the amount of $13,000 incurred by Melodie in connection with the partition of the property; (2) $2,060, or 50% of the increased value of two life insurance policies during the relationship of the parties in the total amount of $4,120.05; and (3) $18,-650, or 50% of the present value of the interest of the debtor under pension plans and the rights to receive benefits thereunder accrued during the relationship of the parties, determined to be $37,300. In addition, allowances to the referee for compensation, reimbursement, expenses and costs are to be deducted from the sales proceeds.

A Notice of Appeal from the Interlocutory Judgment was filed by the debtor; and on July 7, 1982 the debtor filed a motion seeking a stay of enforcement of the judgment and dispensing with an undertaking in connection therewith. The Superior Court, however, ordered that as a condition of stay the debtor would be required to post a bond in the sum of $155,000.00. The debtor did not post that bond.

Subsequent to the Interlocutory Judgment the debtor continued to reside in the family residence. On October 18, 1982 Melodie filed in Case No. C 350396 a Motion For Order Removing Defendant From Residence, Ordering Defendant To Make Payments Thereon, And Surcharging Defendant. This motion was heard on October 25, 1982, the same date that debtor's Chapter 7 petition was filed. On October 26, 1982 the Superior Court filed its Order which provided, *inter alia,* that the debtor shall remove himself from the residential real property by no later than 4:00 P.M. on Sunday, October 31, 1982.

Edward M. Wolkowitz executed his Oath Of Referee on May 7, 1982 and since that time he has been attempting to sell items 1, 2, 3 and 4 of the real and personal property referred to above. The referee, after obtaining an order of the Superior Court, executed an Exclusive Authorization And Right To Sell dated September 3, 1982, appointing Asher Dann & Associates as real estate broker for the sale of the family residence in Playa del Rey, California. Also, the referee has listed the parcel of real property in Lake Havasu City, Arizona with Merrill Lynch Commercial Realty. In addition, the referee has obtained approval from the Superior Court of a procedure for selling the 21 foot Campbell Cruiser boat; and the Superior Court has also authorized the sale of the personal property referred to in item 4 above to Melodie for $800.00, subject to reasonable overbids.

## LEGAL ANALYSIS

The Bankruptcy Reform Act of 1978 provides for two basic kinds of abstention by the Bankruptcy Court. Under 11 U.S.C. § 305 [1] the Bankruptcy Court may abstain from exercising jurisdiction over the entire

---

1. 11 U.S.C. § 305 provides in part as follows:
"§ 305. Abstention.
   (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—
   (1) the interests of creditors and the debtor would be better served by such dismissal or suspension;

\*        \*        \*        \*        \*        \*

   (c) An order under subsection (a) of this section dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal or otherwise."
A review of the authorities and a discussion of the principles governing abstention under Section 305 may be found in *In Re Marketing Services, Inc.,* 20 B.R. 943 (Bkrtcy.D.Kan.1982) and in *In Re Pine Lake Village Apartment Co.,* 16 B.R. 750 (Bkrtcy.S.D.N.Y.1982).

bankruptcy case; while under 28 U.S.C. § 1471(d) [2] the Bankruptcy Court may abstain from exercising jurisdiction over a particular proceeding in a case. House Report No. 95–595, 95th Congress, 1st Session 325 (1977); Senate Report No. 95–989, 95th Congress, 2nd Session 35 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787; 2 Collier On Bankruptcy, 15th Ed., ¶ 305.01.

■ In addition to the express statutory powers of abstention, a bankruptcy court may dismiss a bankruptcy case that is filed in bad faith and for the purpose of abusing the judicial process. *In Re Eden Associates,* 13 B.R. 578, 583–585 (Bkrtcy.S.D.N.Y. 1981); *In Re Victory Construction Co.,* 9 B.R. 549, 558 (Bkrtcy.C.D.Cal.1981); see also, *In Re Alton Telegraph Printing Co.,* 14 B.R. 238, 239–240 (Bkrtcy.S.D.Ill.1981); *Matter of Northwest Recreational Activities, Inc.,* 4 B.R. 36, 39–40 (Bkrtcy.N.D.Ga. 1980).

Also, pursuant to 11 U.S.C. § 543(d) [3] a bankruptcy court may dispense with the statutory mandate to oust a non-bankruptcy custodian from possession and control of the properties of the debtor and may authorize the nonbankruptcy custodianship to proceed, after notice and hearing, if the interest of creditors would be better served. *Matter of WPAS, Inc.,* 6 B.R. 40 (Bkrtcy.M.D.Fla.1980).

This court does not construe Melodie's motion as asking this court to abstain from exercising jurisdiction over the entire bankruptcy case. The motion expressly states that "this court should abstain from jurisdiction under the provisions of 28 U.S.C. § 1471(d)" (See page 2, lines 23–24); and

the motion papers seem to contemplate that after the jointly owned property of Melodie and the debtor has been sold and the proceeds divided by the Superior Court, "the debtor's net proceeds of sale" would be administered in this bankruptcy proceeding (See page 13 lines 1–4 of the motion papers).

Nor does this court construe Melodie's motion as one to dismiss the bankruptcy proceeding as having been filed in bad faith. Although Melodie's motion papers intimate that the filing of the bankruptcy petition was motivated by a desire to avoid the orders of the Superior Court, no dismissal on the grounds of a bad faith filing was sought.

■ The question of this court abstaining from exercising jurisdiction over Superior Court Case No. C 350396 is not directly presented, since that case was not removed to this court, and the question of whether the case should be remanded is not here presented as it was in *In Re Moore,* 5 B.R. 67 (Bkrtcy.N.D.Tex.1980) upon which Melodie relies. However, if the question were directly presented, this court, under principles of comity, would abstain from deciding the issues presented in Superior Court Case No. C 350396, particularly since that case has been tried and an Interlocutory Judgment entered. Cf. *In Re Washington,* 623 F.2d 1169 (6th Cir.1980); *In Re Kaplan,* 18 B.R. 1018 (Bkrtcy.E.D.N.Y.1982); *In Re Moore, supra; Matter of Jewel Terrace Corp.,* 3 B.R. 36 (Bkrtcy.E.D.N.Y.1980).

Directly presented is the question of whether this court should dispense with the requirements of 11 U.S.C. § 543,[4] either in

---

**2.** 28 U.S.C. § 1471(d) provides:

"(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise."

**3.** 11 U.S.C. § 543(d) provides:

"(d) The bankruptcy court may, after notice and a hearing, excuse compliance with subsection (a), (b), or (c) of this section, if the interests of creditors, and, if the debtor is not insolvent, of equity security holders, would

be better served by permitting a custodian to continue in possession, custody, or control of such property."

**4.** 11 U.S.C. § 543 provides in part as follows:

"§ 543. Turnover of property by a custodian.

(a) A custodian with knowledge of the commencement of a case under this title concerning the debtor may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds of such property, or property of the estate, in the possession, custody, or control of such custodian, except such action as is necessary to preserve such property.

whole or in part, as authorized by 11 U.S.C. § 543(d). Also presented by implication is the question of the extent to which the stay of 11 U.S.C. § 362(a) should be modified so as to permit the Superior Court in Case No. C 350396 to sell the property owned jointly by Melodie and the debtor and to divide the proceeds of such sale so as to determine the net proceeds owned by the debtor and to take other action in connection with that property.[5]

■ It is a well established principle that controversies in the area of domestic relations are generally left to state courts to resolve. *In Re Kaplan, supra* at page 1019; *In Re Heslar,* 16 B.R. 329, 332 (Bkrtcy.W.D. Mich.1981); *In Re Universal Profile, Inc.,* 6 B.R. 194, 196 (Bkrtcy.N.D.Ga.1980). And this court is of the view that this principle should be extended to the type of non-marital domestic relations recognized in *Marvin v. Marvin, supra.*

■ The trustee did not oppose Melodie's motion and did not appear at the hearing on the motion. The court must assume, therefore, that the trustee has no objection to the motion. The court concludes that the relief prayed for by Melodie in her motion should in substance be granted; that pursuant to 11 U.S.C. § 543(d) the referee appointed by the Superior Court should be excused from complying with 11 U.S.C. § 543 at this time, but that after the Superior Court has determined the net amount due to the debtor the referee should then comply with 11 U.S.C. § 543; and that the automatic stay of 11 U.S.C. § 362(a) should be modified so that Superior Court Case No.

(b) A custodian shall—
(1) deliver to the trustee any property of the debtor transferred to such custodian, or proceeds of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and
(2) file an accounting of any property of the debtor, or proceeds of such property, that, at any time, came into the possession, custody, or control of such custodian."

5. The automatic stay also halted the appeal from the Interlocutory Judgment of the Superior Court in Case No. C 350396. *Association of*

C 350396 may proceed, both in the trial court and on appeal.[6]

*St. Croix Condominium Owners v. St. Croix Hotel,* 682 F.2d 446 (3rd Cir.1982). The stay must be modified if that appeal is to proceed.

6. The record is unclear as to the status of the debtor's appeal from the Interlocutory Judgment. From the comments of counsel at the hearing on Melodie's motion, it appears that the debtor has been dilatory in processing his appeal; and it is not clear that the debtor intends to pursue his appeal and obtain an appellate decision. Thus, this case differs from *In Re Alton Telegraph Printing Co., supra,* in which the debtor also failed to post an appeal bond in a state court proceeding (See 14 B.R. at page 241).