In the Matter of John D. KAYLOR, Debtor.

Anne H. KAYLOR, Plaintiff,

v.

John D. KAYLOR, Defendant.

Bankruptcy No. 82–1532.
Adv. No. 82–0628.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 22, 1982.

Malka Isaak, Tampa, Fla., for plaintiff.

Don M. Stichter, Tampa, Fla., for defendant.

## ORDER ON MOTION FOR REHEARING OF ORDER LIFTING AUTOMATIC STAY AND MOTION FOR EMERGENCY FINAL HEARING

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion for Rehearing of Order Lifting Automatic Stay and Motion for Emergency Final Hearing filed by Anne H. Kaylor, Plaintiff in the above-styled adversary proceeding. The Court heard argument of counsel and being otherwise duly advised in the premises finds that the Motions are not well taken and must be denied.

The Plaintiff, Anne H. Kaylor, is the estranged wife of the Defendant, John D. Kaylor who is the Debtor-in-Possession in a pending Chapter 11 reorganization. The Kaylors are also involved in a dissolution of marriage proceeding in the Circuit Court in and for Polk County, and on September 16, 1982, this Court entered an order which lifted the automatic stay imposed by § 362 of the Bankruptcy Code, to the extent that the Plaintiff, herein, was permitted to pursue alimony and child support and to enforce any State Court order which does not affect the property of the estate. The Plaintiff now urges this Court to reconsider that order and lift the stay without restriction to allow her to seek not only alimony and child support but also a complete property settlement in the dissolution proceeding. It is the Plaintiff's contention that pursuant to Florida law, as expressed in *Canakaris v. Canakaris,* 382 So.2d 1197 (1980), the issues of property settlement and alimony are inextricably interwoven and not subject to bifurcation; therefore, this Court is urged to either lift the stay or abstain.

Before considering the effect of *Canakaris,* a determination must first be made regarding the effect of Bankruptcy Code, § 362, on a pending divorce proceeding. Section 362 prohibits the commencement or continuation of any action against the Debtor of the Debtor's property but does not apply to the collection of alimony, maintenance or support from property which is *not* property of the estate. Therefore, the first question for consideration is whether the properties which the Plaintiff seeks to pursue in State Court are subject to the automatic stay imposed by § 362 of the Code as property of the estate. It is evident, under § 541(a)(1) and (2) that all legal and equitable interests of the Debtor as of the commencement of the case, as well as property interests of the marital community, are included in the estate. As the Debtor (Defendant herein) filed a voluntary petition on August 2, 1981, there is no doubt that the properties to be distributed via a property settlement are subject to the automatic stay.

Under the Code, the stay may be lifted on request of a party in interest ei-

ther for cause or in a situation where the debtor has no equity in the property and such is not necessary to an effective reorganization, § 362(d)(1) and (2). The Court is satisfied that as none of the above stated conditions exist in this case, a lifting of the automatic stay is unwarranted. The Plaintiff argues, however, that the automatic stay should be lifted to allow a complete distribution of the subject property in the state court proceeding since under the law of Florida as expressed in *Canakaris v. Canakaris, supra,* issues of alimony and property settlement are absolutely inseparable and must be resolved together.

*Canakaris, supra,* involved the dissolution of a thirty-three year marriage during which substantial assets had been accumulated. The trial court awarded the wife both lump sum alimony and permanent periodic alimony as well as her share of property which had been held in tenancy by the entirety. The District Court of Appeal reversed the trial court's award of alimony and attorney's fees. In reinstating the judgment of the trial court, the Florida Supreme Court reviewed only the appropriateness of the alimony and attorney fee awards. The Court focused on the extent to which a trial court may exercise its judicial discretion in fashioning remedies in dissolution proceedings and emphasized that the trial judge *may* consider a variety of factors when determining a proper award of alimony; nowhere did the Court imply, as does the Plaintiff, that all issues of alimony, child support and property settlement are inseparable and must be resolved in one proceeding. Thus, *Canakaris* is not applicable to the present situation.

■ The Plaintiff, in the alternative, would ask this Court to abstain pursuant to § 305 of the Code. It is sufficient to point out that in accord with § 305, the Court may suspend proceedings only when there is a finding that the interests of both the creditors and the debtor would be best served by such action. There is no doubt that the Debtor's best interest, in his effort to reorganize will not be best served by abstention.

In light of the foregoing, it is the opinion of this Court that there is no basis upon which to grant the relief sought by the Plaintiff.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Rehearing of Order Lifting Automatic Stay filed by the Plaintiff, Anne H. Kaylor be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Emergency Final Hearing filed by the Plaintiff be, and the same hereby is, denied.