**In re Samuel C. JOHNSON, III, Debtor.**

**Samuel C. JOHNSON, III, Plaintiff,**

**v.**

**Florence H. JOHNSON, Defendant.**

**Bankruptcy No. 84–00291G.
Adv. No. 84–0970G.**

United States Bankruptcy Court, E.D. Pennsylvania.

July 26, 1985.

---

Joseph S.J. Bodoff, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., for debtor/plaintiff, Samuel C. Johnson, III.

Richard B. Perlman, Norristown, Pa., for defendant, Florence H. Johnson.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The paramount issue confronting us is whether we can grant relief on the debtor's complaint to sell jointly owned marital property free and clear of liens under 11 U.S.C. § 363(h) of the Bankruptcy Code ("the Code"), although the property is subject to equitable distribution in the couple's pending divorce action. We conclude that the property may not be sold for the reasons set forth below.

Summarizing the pertinent facts of this case we find as follows:[1]

Approximately ten years ago the debtor and his wife purchased an improved parcel of realty. Although the premises are encumbered by a mortgage, a significant amount of equity currently reposes in the property. The debtor's wife individually filed a petition in this court in 1981, for the repayment of her debts under chapter 13 of the Code while last year the debtor filed a petition for reorganization under chapter 11 of the Code. Apparently some time after the filing of the wife's petition, a divorce petition was filed in state court. As a consequence of the divorce proceeding, the property of both parties is subject to the divorce court's power of equitable distribution.

It was not until after confirmation of the wife's chapter 13 plan that the debtor filed the complaint before us to sell the subject realty free and clear of liens under 11 U.S.C. § 363(f)[2] of the Code. He urges that we utilize our power under § 363(h) which authorizes a free and clear sale of property owned jointly by a debtor and another entity.

 The first issue we must address is the wife's contention that the debtor's actions in filing the complaint to sell free and clear is a violation of the automatic stay imposed by 11 U.S.C. § 362(a)[3] on the filing of *her* petition. An examination of

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

**2.** (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of such interest;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

&ast; &ast; &ast; &ast; &ast; &ast;

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, immediately before the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
(1) partition in kind of such property among the estate and such co-owners is impracticable;
(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

&ast; &ast; &ast; &ast; &ast; &ast;

11 U.S.C. § 363(f) and (h). Minor clarifying changes were made in these provisions by the Bankruptcy Amendments and Federal Judgeship Act of 1984. Pub.L. No. 98–353, § 442, but these amendments are without effect in this action since the petition was filed prior to the running of the ninety day transition period following the enactment of the amendment. *See*, Pub.L. No. 98–353, § 553(a) (effective date of pertinent portion of amendment). Thus, we have reproduced § 363 as it stood prior to the passage of the amendment.

**3.** § 362 Automatic stay.
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate;
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the

§ 362(a) reveals that although the penumbra of protection afforded by the automatic stay may be catalogued in numerous ways, we predicate our analysis on a trifurcation of that protection since the stay bars certain actions against the (1) debtor, (2) property of the debtor and (3) property of the estate. *Nevada National Bank v. Casgul of Nevada, Inc. (In Re Casgul of Nevada, Inc.)*, 22 B.R. 65, 66 (Bankr. 9th Cir.1982).

On the first point, the stay only bars actions against the debtor if those actions could have been brought prior to the filing of the petition or if those efforts are attempts to collect on a prepetition debt. *See, e.g.* § 362(a)(1), (a)(2), (a)(6) and (a)(7); *Avellino & Bienes v. M. Frenville Co., Inc. (In Re M. Frenville Co., Inc.)*, 744 F.2d 332, 335 (3d Cir.1984), *cert. den.,* — U.S. ——, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985). Since a complaint under § 363(f) may only be filed after the commencement of a case under the Code, and since the debtor filed for relief under the Code only after the wife had done so, it follows that the complaint could not have been filed prior to the institution of the wife's chapter 13 case. It is also apparent that an action to sell free and clear under § 363(f) is not an attempt to collect on a prepetition debt. Hence, the filing of the complaint was not in violation of that aspect of the automatic stay which bars actions "against the debtor."

On the second point, acts against "property of the debtor" are likewise a violation of the automatic stay if those actions are efforts to collect on a prepetition debt. § 362(a)(5). Once again, the debtor's action to sell the marital property free and clear is not a proceeding to collect on a prepetition debt and as such the action against the wife's property is not a violation of the automatic stay arising in her case.

Under the third point, as a general rule a violation of the stay is committed if a creditor takes action against property of the estate whether the debt arose before or after the filing of the petition. § 362(a)(2), (a)(3) and (a)(4). Once property ceases being property of the estate, this aspect of the stay is vitiated as to that property. As stated in 11 U.S.C. § 1327(b):

"(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."

The filing of the debtor's complaint to sell free and clear was apparently filed after confirmation of the wife's plan of repayment and we are aware of no provision of that plan excepting the applicability of § 1327. Thus, after confirmation it appears that the debtor took no action against property of the wife's estate, that property having already revested in the debtor, and in no other manner has he violated the automatic stay. *Mason v. Williams (In Re Mason)*, 45 B.R. 498 (Bankr. D.Ore.1984); *In Re Lewis*, 33 B.R. 98 (Bankr.W.D.N.Y.1983) (construing impact of § 1327(b) on § 362(a)); *In Re Paradise Valley Country Club*, 31 B.R. 613 (D.Colo. 1983) (construing 11 U.S.C. § 1141(b), which is the chapter 11 analogue of § 1327(b)). Consequently, the wife's objection to the debtor's failure to obtain relief from the automatic stay is without merit.

■ We now move to the merits of the debtor's complaint in which he seeks authority to sell the marital property in question free and clear of liens notwithstanding the pendency of the state court divorce proceedings on the equitable distribution of that property. Since the property in question is owned by the parties as tenants by the entireties, the debtor's interest in this

---

extent that such lien secures a claim that arose before the commencement of the case under this title;

 (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

 (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

 (8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor

11 U.S.C. § 362(a). This provision was also amended by the passage of the Bankruptcy Amendments and Federal Judgeship Act of 1984. See footnote 2. The amendments to § 362 are not effective as to this case and so we have reproduced this provision as it was extant prior to the passage of the amendments.

property is property of the estate. 11 U.S.C. § 541(a)[4].

■ Section 541, as well as the remainder of the Code, was, of course, enacted by Congress under the authority of the Bankruptcy Clause[5] in the Constitution. It is equally well settled under the Supremacy Clause[6] that where state law is in conflict with federal law, the former must yield. Nonetheless, in the absence of such disharmony with the bankruptcy law or other federal laws, property rights are determined according to the law of the state in which the property is situated. As the Supreme Court summarized several years ago:

> Property rights are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both State and federal courts within a state serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving 'a windfall merely by reason of the happenstance of bankruptcy.'

*Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) (citation omitted).

■ Except as otherwise provided by the Code, the estate's interest in property is defined as the debtor's interest in property as of the filing of the petition. *See, e.g.,* § 541(a). It is clear that a debtor's interest

in property owned by him and his wife as tenants by the entireties is property of the estate, and this principle correlatively applies to the realty in question. The dimensions of the debtor's interest in this property have not yet been defined under the provisions on equitable distribution of marital property under the Pennsylvania Divorce Code. It is certainly not apparent that the debtor is entitled to a 50% share of the subject property, the resolution of the size of that interest being dependent on numerous factors and equities.

■ Although our jurisdiction over the property of the debtor's estate supersedes the jurisdiction of the state court before which the divorce is pending, this does not compel us to adjudicate rights created under state law. In fact, we are constrained contrariwise. *See, e.g.,* 28 U.S.C. § 157; cf., *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). As has been stated recently on the question of granting relief from the automatic stay to allow a nondebtor spouse to "proceed before in state court with her action for spousal support modification": "It is appropriate for bankruptcy courts to avoid incursions into family law matter out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters." *MacDonald v. MacDonald,* 755 F.2d 715, 717 (9th Cir.1985) (quotes omitted). Leave should be granted by us to allow the litigants to proceed

---

**4.** § 541 Property of the estate.

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

\* \* \* \* \* \*

11 U.S.C. § 541(a) (in part). This provision was also amended by the passage of the Bankruptcy Amendments and Federal Judgeship Act of 1984. See footnote 2. The amendments to § 541 are not effective as to this case and so we have also reproduced this provision as it stood prior to the passage of the amendments.

**5.** The Congress shall have Power ... To establish ... uniform Laws on the subject of Bankruptcies throughout the United States[.]

The Bankruptcy Clause, U.S. Const. art. I, § 8, cl. 4.

**6.** This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary Notwithstanding.

The Supremacy Clause, U.S. Const., art. VI.

before the state court so it may equitably apportion the parties' interests in the subject property. Until that occurs we will be unable to establish if the debtor has met the elements of § 363(h).

 The debtor seeks to distinguish this case from *Murray v. Murray (In Re Murray)*, 31 B.R. 499 (Bankr.E.D.Pa.1983). Under the facts of *Murray*, which appear to be unique, we denied leave to the non-debtor spouse to petition the state court for equitable distribution prior to sale under § 362(b) since it was "undisputed" that the debtor's interest in the property exceeded 50%. Such an interest was sufficient justification for sale under the facts of that case in light of § 363(h). In the case at bench, the wife has not conceded that the debtor is destined to receive a certain percentage interest in the property. Until the instant debtor's interest in the property is determined, we will be unable to establish if he has met the elements of § 363(h). Since it does not currently appear that the debtor has met those requirements, we will deny the debtor all relief on his complaint, but grant the parties leave to proceed before the divorce court for equitable distribution.