**In re Harold LISS, Debtor.**

**Bankruptcy No. 85 B 4852.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Feb. 19, 1986.

Sheila Owens, Asst. Atty. Gen., Consumer Protection Div., Chicago, Ill., for Atty. Gen.

James Martin, Chicago, Ill., for debtor.

## MEMORANDUM OPINION AND ORDER ON MOTION OF ATTORNEY GENERAL TO MODIFY STAY

JACK B. SCHMETTERER, Bankruptcy Judge.

This cause comes before the Court on the motion of the Attorney General of the State of Illinois ("Movant") to modify the automatic stay. For the reasons stated below, the motion is granted in part and denied in part.

### Motion and Related Facts

Harold Liss ("debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on April 15, 1985. Debtor, individually and d/b/a Harold Liss Jewelers, is in the business of offering for sale and selling jewelry as well as providing appraisals thereof. The parties agree that he has been in that business for 30 years, that he has had no other business, and that he is a physically handicapped person.

Debtor proposed a plan for monthly payments of $350 to the Trustee. It was confirmed on November 15, 1985, conditioned on debtor selling his principal residence on or before May 22, 1986, and making the proceeds thereof available to his creditors. If that isn't done, the confirmation order provided that a creditor's motion to dismiss for unreasonable delay will then be granted, in view of the case history then before the Court.

On January 8, 1986, movant filed a Complaint against this individual debtor (not his related corporation referred to hereinbelow) in the Circuit Court of Cook County, Illinois, seeking injunctive relief pursuant to the "Consumer Fraud and Deceptive Business Practices Act". ILL.REV.STAT. ch. 121½, ¶ 261 *et seq.* (the "Act"). That Complaint alleged that debtor fraudulently sold items of jewelry to various purchasers

representing that the jewelry contained diamonds when in fact the stones were cubic zirconia which were inferior in quality and value. The state court entered a temporary restraining order on January 9th which enjoined debtor from misrepresenting the nature and value of jewelry which he sells and restraining him from further violating the said Act.

On January 16, 1986, movant filed the within Motion to Modify the Automatic Stay under 11 U.S.C. § 362. The motion seeks permission for the state to enforce its regulatory power by obtaining a permanent injunction against debtor to bar him from engaging at all in the business of offering for sale, selling and appraising jewelry. The proposed prayer for such relief is so broad that it seeks to bar debtor from lawful as well as alleged unlawful activity in his business. The motion to modify stay also requests permission for movant to proceed in state court to seek civil penalties and costs relating to its Complaint, and also restitution to alleged victims of the debtor's practices.

This case relates to *Herman Frank, Inc.* (84 B 13012) an earlier numbered case pending before Bankruptcy Judge Ginsberg of this Court. Therefore, pursuant to procedures of the Court this case has been transferred to Judge Ginsberg. However because Judge Ginsberg was sitting out of town on the day this motion was set for hearing, and this motion was presented as an emergency, the motion to modify stay was assigned to this Judge for hearing and decision. Oral argument was heard February 11, 1986 and the parties were invited to file briefs. Both parties have done so, and those were considered. Debtor is reported by his counsel to be hospitalized in San Diego, California. This Court authorized him to depose his client by telephone so as to present evidence at the hearing, but he declined to do so. No evidence was offered by either side.

### Bankruptcy Code § 362

Pursuant to 11 U.S.C. § 362(a), filing a petition in bankruptcy invokes the automatic stay which prevents the commencement or continuation of judicial and other proceedings against debtor or property of the estate. However, certain proceedings are excepted from the operation of the stay in § 362(b) which provides in pertinent part:

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), does not operate as a stay—

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's policy or regulatory power;

(5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

The Congressional intent in enacting these provisions is explained in the legislative history of the Code:

Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce policy or regulatory powers. Thus, where a government unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such law, the action or proceeding is not stayed under the automatic stay. (S.Rep. No. 95–989 at 52, 1978 U.S.Code Cong. & Ad.News at 5787, 5838; H.Rep. No. 95–595 at 343, 1978 U.S.Code Cong. & Ad.News at 6299.)

The U.S. Supreme Court accepted that interpretation as recently as last month in *Midlantic Nat'l. Bank v. New Jersey,* —— U.S. ——, —— - ——, 106 S.Ct. 755, 760–61, 88 L.Ed.2d 859 (1986). However, an "exception to the exception" is provided in § 362(b)(5) which prevents enforcement of

money judgments against debtor even if such action is pursuant to the police or regulatory power of the state. As the legislative history indicates:

Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment. Since the assets of the debtor are in the possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a government unit of a money judgment would give it preferential treatment to the detriment of all other creditors. (S.Rep. No. 95–989 at 52, 1978 U.S.Code Cong. & Ad.News at 5787, 5838; H.Rep. No. 95–595 at 343, 1978 U.S.Code Cong. & Ad.News at 6299.)

From a reading of the Code and legislative history, it is evident that governmental entities are not prevented from enforcing their police or regulatory powers including seeking injunctions and fixing fines and penalties in the exercise of "police or regulatory power" for statutory violations. However, the stay is operative to prevent enforcement of a monetary judgment thereby entered.

"The policy behind this 'police or regulatory exception' to the automatic stay is to prevent the bankruptcy court from becoming a haven for wrongdoers." *Commodity Futures Trading Comm. v. Co Petro Marketing,* 700 F.2d 1279, 1283 (9th Cir.1983), citing 2 COLLIER ON BANKRUPTCY § 362.05. The exceptions provided in § 362(b)(4), (5) are narrowly construed "... to apply to the enforcement of state laws affecting health, welfare, morals and safety, but not to 'regulatory laws that directly conflict with the control of the *res* or property by the bankruptcy court.'" *Matter of Cash Currency Exchange, Inc.,* 762 F.2d 542, 555 (7th Cir., 1985).

### The Illinois Consumer Fraud Act

The main issues here are whether movant's intent under the Illinois Act to seek restitution, a possible receiver, and a court order permanently enjoining debtor from continuing in business even if he conducts it lawfully are within the state police power. Even if they are, there remains the question whether such relief would conflict with this Court's control over the property of the estate.

Police power is defined as the power to protect society in general from a harm. *People of the State of Illinois v. Electrical Utilities, et al.,* 41 B.R. 874, 876 (N.D. Ill., 1984). Movant, the Attorney General of the State of Illinois, asserts its right to permanently enjoin debtor from continuing in the jewelry business because of violations of the "Consumer Fraud and Deceptive Business Practices Act", ILL.REV. STAT. ch. 121½, ¶ 261 *et seq.,* and for other relief under that Act.

The purpose of the Act is "... to protect consumers and borrowers and businessmen against fraud, unfair or deceptive acts or practices in the conduct of any trade or commerce." *Frahm v. Urkovich,* 113 Ill. App.3d 580, 69 Ill.Dec. 572, 574, 447 N.E.2d 1007, 1009 (1st.Dist., 1st Div.1983). Moreover, the language of the Act provides that actions by the Attorney General are brought in the public interest. ILL.REV. STAT. ch. 121½, ¶ 267.

The remedies available to the Attorney General under the Act include the right to seek injunction against the unlawful method, act or practice; revocation, forfeiture or suspension of any license, charter, franchise, certificate or other evidence of authority of any person to do business in this state; appointment of a receiver; dissolution of domestic corporations or associations; suspension or termination of the right of foreign corporations or associations to do business in this state; and "restitution". In the event the state court finds the acts of debtor were performed with an intent to defraud, civil penalties in an amount not to exceed $50,000 per violation may be imposed.

When the Attorney General proceeds for relief under the Act and a consumer is not

joined, the judgment is not binding on that consumer. *People ex rel. Scott v. Regency Industries*, 96 Ill.App.3d 1100, 52 Ill.Dec. 578, 582, 422 N.E.2d 259, 263 (4th Dist., 1981). A private right of action is available to injured consumers under ILL.REV. STAT. ch. 121½, ¶ 270a. No private party appears to have yet been joined in the Attorney General's suit, so the possibility exists here that a claimant in bankruptcy, who would not be bound by any order of "restitution" obtained by the Attorney General in state court, could file an inconsistent claim here.

### Injunctive Relief

■ The temporary restraining order obtained by movant which enjoins debtor from further violations of the Consumer Fraud Act was not subject to the automatic stay because it clearly purported to protect the general public from harm and was sought within the police powers of the state. However, when the state now seeks to enjoin debtor from continuing in business even if he does so lawfully in the future, such action conflicts with this Court's control over the property of the estate because it would prevent debtor from earning the funds required to pay his creditors under any plan. That form of permanent injunction has not been shown here to be enforcement of a state law affecting health, welfare, morals or safety. Indeed, no authority has been cited to show that such injunctive relief can be given under the Illinois Act which authorizes injunction against "any method, act or practice" declared unlawful by the Act, not against lawful conduct. ILL.REV.STAT. ch. 121½, ¶ 267.

■ While § 267 of that Act permits the Attorney General to seek a revocation or suspension of business license issued by the State, the State of Illinois does not license jewelry or appraisers of jewelry. There is no authority cited that warrants a permanent injunction against lawful conduct that would have the same effect as revocation of a state-issued business license. Since debtor is not licensed by the State, the Attorney General cannot rest on § 267 of the Act to seek such injunction. Finally, no cause or justification has been shown under Code § 362 for permitting a suit to enjoin the lawful future aspects of debtor's business which would thereby prevent the debtor from earning the only living he knows or can physically engage in, and thereby impede him from carrying out his Plan.

The Illinois Act does not support the requested broadened injunction. This Court does not purport to pass on the powers of the Attorney General as *parens patriae* under Illinois law outside the Act for issuance of such injunction. But it is the Act under which the movant claims to exercise "police or regulatory" powers to avoid the bankruptcy stay, whereas the Act does not appear to support the requested broadened injunction. Even if the Act or other law did support the broadened injunction however, this Court would not exercise its discretion to permit an injunction against lawful conduct that would so clearly interfere with the bankruptcy process.

Therefore, the automatic stay will not be modified to allow the Attorney General to seek a permanent injunction against future lawful conduct of debtor's business. That portion of the motion is denied.

### Receivership

■ One of the remedies provided to the State by § 267 of the Illinois Consumer Fraud Act is the appointment of a receiver. Such receiver would have the power to collect the assets of debtor and dispose of such assets pursuant to state court order. Individuals who suffered damages as a result of violations of the Act may share in the distribution of the assets. ILL.REV. STAT. ch. 121½, ¶ 268.

The appointment of such a receiver would clearly contravene the federal Bankruptcy law in that the State would thereby assert jurisdiction over property of the estate which is now under the authority of the Bankruptcy Court. See 28 U.S.C. § 1334(d); 11 U.S.C. § 541. Pursuant to federal law, the filing of a petition in bank-

ruptcy confers sole jurisdiction over debtor's property in the federal courts. 28 U.S.C. § 1334(d). Such receivership would therefore "directly conflict with the control of the *res* or property by the bankruptcy court." See *Matter of Cash Currency Exchange, Inc.*, 762 F.2d 542, 555 (7th Cir., 1985). Therefore, the Attorney General will not be permitted to proceed in state court to seek a receivership. While he has not yet expressly sought permission to do so, his general prayer for "other relief" may later be focused on that remedy, so the Court now deems it appropriate to rule thereon.

### Civil Penalties and Costs

■ Movant's request to proceed in state court to seek civil penalties and costs among other relief in the exercise of police power is not stayed by 11 U.S.C. § 362(b)(4). *In Re Tauscher*, 7 B.R. 918, 7 B.C.D. 124 (Bankr.E.D.Wis., 1981). However, the state is limited to obtaining judgment for a fixed penalty amount but may not proceed to enforce the judgment (§ 362(b)(5)) because that would be a preference over other creditors. Therefore, the stay will be modified to allow the Attorney General to proceed in state court to recover judgment for civil penalties and costs. The stay remains in effect to prevent enforcement of such judgment through state proceedings. See *In Re Landstrom Distributors, Inc.*, BANKR.L.REP. (CCH) ¶ 70,929 (Bankr.C.D.Calif., December 12, 1985).

### "Restitution"

■ While injunction, civil penalties, and costs may be sought without conflict with the Bankruptcy Code, "restitution" to obtain financial redress for certain people may not.

"Any state court ordering restitution for certain citizens from the debtor is certainly creating for these few citizens an advantage over other potential creditors

of this debtor's estate. The [state] court will have made a binding [i.e., binding against debtor] judicial determination as to both the existence and legitimacy of those claims without having had to consider and apply the many technical conditions created by the Bankruptcy Code which test the validity of claims against the debtor's estate. Any court action to enforce this statute [providing for restitution under the Washington Consumer Protection Act] does not fall within the language of § 326(b)(4) and this is stayed." *In Re Charter First Mortg. Inc.*, 42 B.R. 380, 385 (Bank.Or., 1984), bracketed material supplied.

The provision for "restitution" in § 267 of the Illinois Act suffers from that very infirmity in Bankruptcy. The stay will not be modified to permit it. Of course claims[1] may be filed in Bankruptcy on behalf of alleged victims of the debtor and the Court can then consider the priorities argued by the Attorney General. If such claims are filed, they may well require some modification of the confirmed Plan.

### Restitution for Post-Petition Asserted Wrongdoing

■ The State seeks to have the restitution claim proceed in any event to serve redress for persons who were allegedly victims of post-petition transgressions. For the reasons set forth below the stay is found not to bar action for restitution for alleged wrongdoing that occurred post-petition.

When an individual files a petition under Chapter 13, property held at that time as well as property acquired after filing the petition becomes "property of the estate". Bankruptcy Code § 1306(a). Unless otherwise provided in the Plan or order of confirmation, possession of all property of the estate remains with debtor. Consequently, the Court has jurisdiction over pre- and

---

1. A recent Second Circuit decision, *In Re Robinson*, 776 F.2d 30 (2nd Cir., 1985) held that prepetition restitution payments are a "debt" upon which a claim may be filed in the bankruptcy proceeding. The Court went on to hold that the payments could have been excepted from discharge under § 523(a)(2) or (4) if a timely complaint had been filed but were not dischargeable under § 523(a)(7) because they were "compensation for actual pecuniary loss."

post-petition property. However, upon confirmation, title to property of the estate vests in debtor free and clear of all claims or interests of any creditor provided for by the Plan. § 1327(b), (c). Upon completion of payments, debtor receives a discharge of all debts provided for by the Plan or previously disallowed. Only debts which existed at the time of filing are dischargeable.

The issue is whether the automatic stay applies to post-petition causes of action. Section 362 "bars certain actions against debtor, property of the debtor and property of the estate". *In Re Johnson*, 51 B.R. 439, 442 (Bankr.E.D.Penn., 1985). Specifically the automatic stay bars

(1) action against the debtor if those actions could have been brought prior to filing of the petition or are efforts to collect a pre-petition debt;

(2) acts against property of the debtor, including efforts to collect pre-petition debt; and

(3) action against property of the estate whether the debt arose before or after the petition was filed.

*Id.* at 442.

Sections 362(a)(1), (2), (6), (7) stay certain action *against debtor* which are a result of pre-petition debts. Thus they do not stay causes of action which result from acts (in this case jewelry sales) post-petition.

Section 362(a)(5) stays actions *against property of the debtor* which action arose pre-petition, but causes of action arising post-petition are not stayed.

Section 362(a)(3), (4) stay actions to gain possession of, control over, or place a lien against *property of the estate*. Because post-petition property is included in a Chapter 13 estate, this stays action until confirmation of the plan revests all property of the estate in the debtor under § 1327(b). An action for restitution as to that property would therefore only be stayed until confirmation, which has been ordered here.[2]

Accordingly, the automatic stay does not bar action for "restitution" arising from sales post-petition.

2. See also 28 U.S.C. § 959.

### Criminal Prosecution

■ The automatic stay does not apply to criminal actions or proceedings against debtor. 11 U.S.C. § 362(b)(1). Thus, if the Attorney General possesses evidence of criminal activity on the part of debtor or his related corporate entity, *Herman Frank, Inc.* (84 B 13012), such evidence could be provided to the Cook County State's Attorney for prosecution and a prosecution could follow without fear of violating the Bankruptcy Code.

### Other Relief under Illinois Act

Should the Attorney General seek under the Illinois Act revocation of the corporate charter or any license issued to the related corporate entity *Herman Frank, Inc.* in case No. 84 B 13012, or any other relief under the Illinois Act not discussed hereinabove, an application to modify stay to permit such effort should first be presented before Judge Ginsberg to whom that case is assigned.

### Order

IT IS THEREFORE ORDERED and declared that the Attorney General's suit to enjoin debtor under the Illinois Act from future fraudulent misrepresentations, further violations of the Act, and from use of any method, act, or practice declared by the Act to be unlawful was and is not prohibited by the automatic stay. Such permitted injunction may be temporary, preliminary, or permanent.

IT IS FURTHER ORDERED that the motion of the Illinois Attorney General to modify the automatic stay so as to permit amendment of his suit to seek any temporary, preliminary, or permanent injunction preventing debtor from continuing in his present business even if lawfully conducted is hereby denied.

IT IS FURTHER ORDERED that the motion of the Illinois Attorney General to modify the stay to proceed in state court to recover civil penalties and costs is granted

solely to obtain judgment thereon, but the stay remains in effect to bar collection of such judgment. The motion to modify stay so as to obtain judgment for "restitution" in state court for harm allegedly caused to private persons is denied as to causes of action arising pre-petition, but granted as to sales occurring after the petition was filed in bankruptcy. As to the latter restitution, however, the stay will remain in affect to bar collection of the judgment.

IT IS FURTHER ORDERED that to the extent the Illinois Attorney General seeks by its suit to have a receiver appointed, or to seek any other relief not otherwise permitted by this order, the motion to modify stay is denied.

IT IS FURTHER DECLARED that criminal prosecution of debtor would not be barred by the automatic stay.

Any further motions to modify stay and motions that may relate to this ruling shall be presented to Judge Ginsberg to whom this case is assigned.

The further relief referred to in the Attorney General's brief but not moved for before this Court (dismissal, Rule 2004 examination, modified payment plan, etc.) should be addressed to Judge Ginsberg by separate motions on notice.