**In re Nelson E. ZIETS, D.O. Debtor.**

**Bankruptcy No. 87–00328S.**

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 22, 1987.

David R. Rosenfeld, Philadelphia, Pa., for Janet Ann Ziets.

Jonathan H. Ganz, Philadelphia, Pa., for debtor.

Edwin P. Smith, Philadelphia, Pa., for Ellis Shore.

## OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

The issue presented in the Motion before us in the instant case is whether we should allow relief from the Automatic Stay to permit the property distribution aspect of a divorce action between NELSON E. ZIETS, D.O., the Debtor, and his ex-wife, JANET ANN ZIETS (hereinafter referred to as "the Movant") to proceed in the state court where it was pending before the Debtor filed his bankruptcy case. Our respect for the automatic stay and its function of requiring that disputes regarding property of the estate should generally be resolved by the bankruptcy court, so as to further the concept of equal distribution to all creditors, and our application of a balancing test between the interests of the Debtor and Movant, causes us to exercise our discretion to deny relief to the Movant.

The instant Chapter 11 proceeding was commenced by the Debtor, a practicing physician, on January 21, 1987. The instant Motion, pursuant to 11 U.S.C. § 362(d)(1), was filed by the Movant on August 13, 1987.

On August 18, 1987, the Debtor commenced an Adversary proceeding against the Movant and one Ellis Shore, an alleged co-habitant with the Movant in the premises owned by the parties prior to their divorce by the entireties and situated at 1458 Hagys Ford Road, Lower Merion Township. In that action, the Debtor sought to prevent the Defendants from dissipating jointly-owned personalty, and to obtain permission to sell the above-mentioned home pursuant to 11 U.S.C. § 363(h).

The hearing on the instant Motion was continued by agreement of the parties from September 10, 1987, to September 30, 1987,

the trial date established on the Summons issued in the Adversary proceedings. On the latter date, Counsel for both parties came before us and stipulated to the following, all of which was incorporated into an Order of September 30, 1987:

1. The parties would prepare a Stipulation of Facts which would constitute the record in this case on or before October 7, 1987.

2. The parties would file Briefs in support of their respective positions, the Movant, on or before October 7, 1987; and the Debtor, on or before October 14, 1987.

3. The Automatic Stay would remain in full force and effect pending the disposition of this Motion.

The parties also agreed that the Adversary Proceeding would be suspended pending our disposition. We note that a subsequent Motion to Compel Deposition was filed by Mr. Shore's counsel in that proceeding, and is scheduled for a hearing on November 18, 1987. Our accompanying Order contemplates a conference to establish a schedule for resolution of that matter on that date.

On October 8, 1987, we filed an Opinion in another case, *In re Ford*, 78 B.R. 729, (Bankr.E.D.Pa.1987). The *Ford* Opinion addressed the proper approach of a bankruptcy court to domestic relations issues pending pre-petition in a state family court in denying a Motion of the Debtor to turn over certain funds held by the family court in connection with a partition action between a Debtor–Husband and his ex-wife. We forwarded same to the parties upon our filing same and allowed the Movant until October 14, 1987, to supplement its Brief by commenting upon that Opinion. On October 15, 1987, after granting the Movant permission for a day's extension, we received a lengthy supplemental letter from the Movant's counsel. The Debtor's Brief was not received until October 16, 1987. The materials submitted by both counsel were well done despite the short time-period to prepare and greatly assisted the court in weighing the pertinent competing policies.

The parties' Stipulation of Facts recites the commencement of a divorce action by the Movant against the Debtor in the Court of Common Pleas of Montgomery County, Pennsylvania, (herein referred to as "the state court"), at No. 84–12140, on August 1, 1984. Over two years later, on October 3, 1986, an "Equitable Distribution Conciliator" of the State Court filed a Report and Recommendations, containing only brief factual findings and recommending as follows:

1. The wife receive the parties' jointly-owned realty, wherein she resides, subject to liens for 1981 and 1982 federal income taxes, and all other personal marital and non-marital property in her possession.

2. The Debtor receive sole right to his medical practice and all personal marital and non-marital property in his possession.

3. The Debtor pay the Movant weekly alimony of $860.00 for four years, $12,-500.00 in legal expenses, and all support arrears.

On October 14, 1986, the Debtor only filed Exceptions to the Report and Recommendations. The State Court has not acted on the Exceptions, although it did order the divorce bifurcated on March 30, 1987, and, on April 22, 1987, entered a Decree and Order in divorce, retaining jurisdiction of the property-distribution issues. The parties also stipulated that the Movant remains in sole possession of the parties' former marital residence.

The Movant bases her Motion, on, alternatively, 11 U.S.C. § 362(d)(1) and 28 U.S.C. § 1334(c)(1). The former provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; ...

The latter provides as follows:

Nothing in this section prevents a district court in the interest of justice, or in the

interest of comity with State courts or respect for State law, from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The Movant, while apparently agreeing that the jointly-owned property is "property of the estate" of the Debtor, per 11 U.S.C. § 541(a), argues that a determination of even so much as the extent of the Debtor's interest in the property requires a consideration of ten "relevant factors" for same set forth in the Pennsylania Divorce Code, 23 P.S. § 401(d). The State Court, per the Movant, has a particular expertise in resolving these family-law matters. Abstention is suggested due to "the obvious complexities involved in equitably distributing marital property" and this Court's "dearth of experience in that specialized area." Memorandum of Law in Support of Motion of Janet Ziets for Relief from Automatic Stay Proceedings Pursuant to 11 U.S.C. § 362(d)(1), at 9.

In her subsequent comment upon the *Ford* decision, the Movant contends that our comments therein that we "will not review state court property-distributions as some sort of super-appellate court," at 734, supports her position. *See also id.* at 737.

The Debtor, meanwhile, focuses upon our body of § 362(d) decisions, including *In re Cherry; Dock–C–Food Ltd. v. Cherry,* 78 B.R. 65 (Bankr.E.D.Pa.1987); *In re Ronald Perlstein Enterprises, Inc.,* 70 B.R. 1005 (Bankr.E.D.Pa.1987), *appeal dismissed,* C.A. No. 87–2364 (E.D.Pa. June 25, 1987); *In re Clark,* 69 B.R. 885 (Bankr.E.D.Pa.1987); and *In re Stranahan Gear, Inc.,* 67 B.R. 834 (Bankr.E.D.Pa.1986). He states that the Movant has failed to establish that the "balance of hardships" tips in her favor, since she has alleged no detriment that she will suffer if the relief sought by her is denied. *Cherry, supra,* at 72–74. He also points out that, if relief is granted, the Movant will be allowed to carve out her rights in property of the estate apart from participation by, and consideration of the rights of, other creditors of the Debtor. Meanwhile, he contends that, if the Movant is compelled to litigate her property rights in this court, participation by other creditors in this determination process will be permitted.

We are compelled to agree with the approach and arguments of the Debtor. As we pointed out in *Ford,* at 730, the domestic-relations settling of a dispute cannot be considered as a justification for neglecting to apply the Code in the same fashion as it would be applied in other settings. Thus, we cannot justify a "hands-off" policy in domestic matters. Rather, we must echo our statements in *Perlstein, supra,* 70 B.R. at 1007, 1008, and *Stranahan Gear,* 67 at 836–38, that the Movant has the burden of proving *prima facie* cause for same before relief will be granted pursuant to 11 U.S.C. § 362(d), and that relief under § 362(d)(1) requires a showing by the Movant that the "balance of hardships" tips in her favor. Also pertinent are our *Clark* pronouncements as to the fundamental nature of the stay and its role as protection for creditors of the debtor not seeking relief from it, as well as for the debtor himself. 69 B.R. at 889. Our resolution must therefore be reached through the same sort of weighing process that we utilized in *Cherry,* at 72–74.

At the outset, we acknowledge the presence of cases which support the Movant's position that a "hands off" policy in domestic matters, such as we herein reject, is appropriate. In *In re Baker,* 75 B.R. 120, 121 (Bankr.D.Del.1987); *In re Fisher,* 67 B.R. 666, 669 (Bankr.D.Colo.1986); *In re Kaplan,* 18 B.R. 1018, 1020 (Bankr.E.D.N.Y.1982); and *In re Schultze,* 15 B.R. 106, 108 (Bankr.S.D.Ohio 1981), the respective courts appear to have granted relief from automatic stays or abstained solely because the matter of marital property distribution was perceived to be a matter which should be resolved exclusively in the state courts.

However, in the absence of any Code directive of an exception of domestic matters from the scope of the stay in 11 U.S.C. § 362(b), we are disinclined to create one. *Cf. Cherry, supra,* at 69–70 (court refuses to exempt civil contempt proceedings from the stay because § 362(b) pro-

vides no such exception). In fact, the presence of § 362(b)(2), exempting the former scope of the stay only for "the collection of alimony, maintenance, or support from property that is not property of the estate," is evidence that other support-related matters and domestic-relations matters are *not carte blanche* exempt from the stay.

We do acknowledge an exemption of domestic issues which do not bear on a debtor's economic status from the scope of the stay, such as the marital status itself or child custody matters, as both logic and clear Congressional intent implies such an exemption. *See* H.R.REP. 595, 95th Cong., 1st Sess. 343–44 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787; and *Ford, supra,* at 734.[1] However, here, what is at issue is property distribution, an issue clearly related to the Debtor's economic status.

Other authorities cited by the Movant are distinguishable. The Court of Appeals' decision in *In re MacDonald,* 755 F.2d 715 (9th Cir.1985), merely upheld the discretion of a bankruptcy judge to grant relief from a stay where the bankruptcy court considered same appropriate. The decision in *In re Johnson,* 51 B.R. 439 (Bankr.E.D.Pa. 1985) (per GOLDHABER, CH. J.) and is based, at least in substantial part, upon the finding by the court that the property in issue was no longer property of the estate by operation of § 1327.[2] In *In re Moore,* 5 B.R. 67 (Bankr.N.D.Tex.1980), the state court property-distribution proceeding was completed pre-petition and all that was pending at the time of the bankruptcy filing relevant thereto was an action to enforce orders entered in that proceeding. *Moore* is distinguishable because, as we explained in *Ford,* at 737, we cannot review final state-court determinations unless fraud or some defect of constitutional magnitude existed in the state court proceeding. *Cf. Kelleran v. Andrijevic,* 825 F.2d 692 (2nd Cir.1987) (bankruptcy court held barred from looning behind even apparently inequitable state court default judgment). Here, there was no pre-petition final state court order, but merely a recommendation. *Cf. Ford,* at 731 (stay petition denied; Master's Report issued by State Court only). *Johnson* is distinguishable, because, as the Movant apparently concedes, it is clear that the property in issue here is property of the estate. Unlike the bankruptcy judge whose decision was reviewed on an "abuse of discretion" standard in *MacDonald,* we believe that review of the record here does not warrant the exercise of our discretion to grant relief from the stay.

The Movant does not undertake to distinguish those cases, most of which were cited in our *Ford* Opinion, at 732, which, contrary to the cases cited at page 224, *supra,* decline to grant relief from the automatic stay to allow spouses or former spouses to pursue property-distribution actions in state court. *See In re Schock,* 37 B.R. 399, 400 (Bankr.D.N.D.1984); *In re Kaylor,* 25 B.R. 394, 396 (Bankr.M.D.Fla. 1982); *In re Cunningham,* 9 B.R. 70, 71 (Bankr.D.N.M. 1981); and *In re Lovett,* 6 B.R. 270, 272 (Bankr.N.D.Utah 1980). Responding to the Movant's argument that the fact that the extent of the Debtor's interest in the property in issue is unclear renders the distribution issues here particularly apt fare for state family courts, Judge Mabey, in *Lovett,* states that "a determination of what property is not property of the debtor's estate ... must ... be addressed by this court." 6 B.R. at 272.... *Accord, Schock, supra,* 37 B.R. at 400 ("A state court has no right to make a determination or dispositon of property which is property of the bankruptcy estate.").

---

**1.** For this reason, we reject the suggestion by the Debtor, in paragraph four of his Answer to the instant Motion, that the state court's Divorce Decree was entered in violation of the automatic stay. *See In re Schock,* 37 B.R. 399, 400 (Bankr.D.N.D.1984); *In re Kaylor,* 25 B.R. 394, 396 (Bankr.M.D.Fla.1982); and *Schultze, supra,* 15 B.R. at 108.

**2.** As we indicated in *Ford,* at 734 n. 2, we rejected the reasoning of *Johnson* on the § 1327 issue in *In re Clark,* 71 B.R. 747 (Bankr.E.D.Pa. 1987). However, we agree with Judge Goldhaber that confirmation of a plan does diminish the interests of a debtor's estate in marital property and may, under a balancing test, have justified the result reached in that case.

Our reasoning process begins by our noting that the Movant is obliged to establish a *prima facie* cause for relief, and, to prevail, she must convince us that the "balance of hardships" tips in her favor. The stipulated record establishes only that a brief, not totally explained, recommendation by a court officer has resulted after the pendency of this matter in the state court for over two years. The Exceptions by the Debtor addressed to the judges of the state court were not resolved, although they were before the court over three months before the bankruptcy filing. The Stay remained in place eight months before this Motion was filed. The Movant is apparently comfortably in possession of the former marital home located in a highly-desirable neighborhood. Nothing in these facts suggests a particular urgency in the Movant's situation, nor a desire or action on her part to expedite disposition of the state court proceedings. Therefore, if we granted the relief sought to the Movant, there is no telling how long we would have to stay the rest of the Chapter 11 case pending disposition of the matter in state court. Here, we are obliged to resolve all pertinent matters expeditiously.

Conspicuously absent from the Movant's arsenal is proof of the elements which we determined were significant in *Cherry,* where we indeed did find the "balance of hardships" to tip in favor of the Movants. Here, unlike there, no express reservation of enforcement of state court directives which will bear upon the Debtor's economic condition is stipulated. To the contrary, the Movant here has expressed no indication that she will voluntarily refrain from pursuing and enforcing any aspects of the state court determination favorable to her. There is no element of an effort to affect only post-petition conduct of the Debtor in issue here as in *Cherry.* Indeed, here, the state court case focuses mostly upon sorting out a pre-petition marital conflict which has already disintegrated in a divorce. There is no evidence of morally-culpable conduct on the part of the Debtor here, as to any aspect of his conduct here, which was also a factor in *Cherry,* and was prominent in many of the cases cited therein, at

73, where relief pursuant to § 362(d)(1) was granted to unsecured creditors. *See In re Turner,* 55 B.R. 498 (Bankr.N.D.Ohio 1985) (Debtor alleged to have violated Racketeer Influence Correct Organization Act (hereinafter referred to as "RICO")); *In re Humphreys Pest Control Co.,* 35 B.R. 712 (Bankr.E.D.Pa.1984) (Debtor alleged to have violated RICO as well as having engaged in common law fraud); *In re Larkham,* 31 B.R. 273 (Bankr.D.Vt.1983) (Willful and maliciious conduct of Debtor alleged); and *In re Highcrest Management Co.,* 30 B.R. 776 (Bankr.S.D.N.Y.1983) (Debtor alleged to have committed fraud). In this respect, the Debtor here presents a far more palatable case than the Debtor in *Ford,* whose conduct was in numerous respects morally reprehensible. Yet it will be recalled that relief under 11 U.S.C. § 362(d)(1) was denied to the ex-wife in that case. At 731.

On the other hand, it is apparent that, if we granted relief from the stay here, the Debtor would be compelled to utilize his resources to litigate in two forums simultaneously. *Compare Perlstein, supra,* 70 B.R. art 1009–10; and *Stranahan Gear,* 67 B.R. at 838. Moreover, as we noted above at page 224 *supra,* the Debtor had argued persuasively that allowing the Movant to proceed would be likely to impact other creditors adversely and thus disrupt the very basic "equal treatment" principle of bankruptcy.

We therefore fail to find here that the "balance of hardships" tips in favor of the Movant on this record, and the § 362(d)(1) aspect of the Motion must therefore be denied.

The *Baker* and *Kaplan* decisions cited *supra* also hold that abstention, pursuant to 28 U.S.C. § 1334(c)(1), of presumably any domestic-relations matter would be appropriate. We recognize the existence of a "narrow sphere" or cases where such abstention may be appropriate. *In re Gurst,* 75 B.R. 575, 577 (Bankr.E.D.Pa.1987); *In re United Church of the Ministers of God,* 74 B.R. 271, 278 (Bankr.E.D.Pa.1987); and

*In re Futura Industries, Inc.,* 69 B.R. 831, 834 (Bankr.E.D.Pa.1987).[3]

However, we fail to note the existence of either unsettled issues of state law or of an important interest in the state itself present here, the coalescense of which prompted Judge Fox to abstain under § 1334(c)(2) in *In re Stephen Smith Home for the Aged, Inc.; Stephen Smith Home for the Aged, Inc. v. Mercy Douglass Center, Inc.,* 80 B.R. 678, 683, 685 (Bankr. E.D.Pa.1987). No unique legal issues arising in the parties' property settlement have been identified. We know of no reason why the state would have any particular interest in this dispute.

The Movants' arguments in support of abstention are the contention that domestic matters, and property distribution issues in particular, are inherently state-related and complex and that the matter has been pending in those courts for an extended period of time. However, we cannot and will not allow complexity or difficulty of a matter to tempt us to abstain in situations where we otherwise would not be inclined to do so. *Cf. In re T.D.M.A., Inc.,* 66 B.R. 992, 997 (Bankr.E.D.Pa.1986) (request for abstention from hearing complex and technical issue regarding pension withdrawal liability declined). Domestic matters do not strike us as unusually difficult or complex, except insofar as they tend to carry more emotional charge than most matters before us. The fact that the only output of the state court proceeding over three years was an apparently uncontested divorce and the brief Report and Recommendations of the Economic Issues Conciliator may be an indication that a dispute-resolution by a swifter, more result-oriented forum would be appropriate. There is no evidence that a factual record of any magnitude was made in the state court, or that pleadings filed therein could not be readily refiled or incorporated into the record in our court.

In sum, we perceive no basis for exercising our discretion under 28 U.S.C. § 1334(c)(1) to abstain from hearing the matters raised in the state court proceeding.

Our disposition denying the Motion before us precludes the possibility that the Debtor's related Adversary proceeding is moot. We therefore are appending the caption in that matter to our Order and are further ordering therein that a pre-trial conference, directed at scheduling dates for discovery cut-off, determination of any pre-trial motions, and setting a date for trial, be scheduled in that proceeding on November 18, 1987, the date already established for a hearing on a discovery Motion in that proceeding. We do not intend, in light of what we have said heretofore, to allow any aspect of this matter to languish. We also caution the Debtor that we are cognizant of our duty to determine his rights vis-a-vis the Movant in accordance with the letter and spirit of the Pennsylvania Divorce Code, 23 P.S. § 401(d), and we shall not allow any proceeding in this court to become an engine of oppression against the more financially-disadvantaged party. Also, our determination that relief under § 362(d)(1) is nor warranted on this record does not foreclose our subsequently granting such relief in this case on a record indicating that the "balance of hardships" does in fact tip in the Movant's favor.

An Order consistent with the foregoing shall be entered.

### ORDER

AND NOW, this 22nd day of October, 1987, upon consideration of the Motion of Janet Ziets (hereinafter referred to as "the Movant"), for Relief from Automatic Stay Pursuant to Section 362, the Stipulation of Facts which constituted the record in this matter, the Briefs of the parties, and upon our review of the status of the above-captioned related Adversary proceeding, it is hereby ORDERED AND DECREED as follows:

---

3. The Movant apparently concedes that, since the issues raised are in the nature of a "core proceeding," abstention pursuant to 28 U.S.C. § 1334(c)(2) would not be appropriate. *Accord, Gurst, supra,* 75 B.R. at 575; and *United Church, supra,* 74 B.R. at 277.

1. The above Motion is DENIED without prejudice, and the Automatic Stay shall remain in full force and effect pending further Order of the Court.

2. A conference shall be scheduled in the above-captioned Adversary No. 87–0756S to consider establishment of deadlines for filing additional pleadings and motions, deadlines for discovery, a trial date, and any other outstanding or pertinent matters, as well as dispose of the pending Motion to Compel Deposition filed by Defendant Shore, at the following date, time, and place:

WEDNESDAY, NOVEMBER 18, 1987, at 10:00 A.M. in Courtroom No. 2 (Room 3718), United States Court House, 601 Market Street, Philadelphia, PA 19106.

3. A copy of this Order shall be docketed and filed in both the main case and the above Adversary proceeding.