In re David J. ELLIS, d/b/a
Ellis Auto Body, Debtor.

Barbara Ann ELLIS, Movant,

v.

David J. ELLIS d/b/a Ellis
Auto Body, Respondent.

Bankruptcy No. 92–10493.
CM No. 92–620.

United States Bankruptcy Court,
D. New Hampshire.

June 30, 1992.

Lorraine L. Hansen, L.L. Hansen Legal P.A., Portsmouth N.H., for creditor Barbara Ann Ellis.

Steven M. Notinger, Wiggin & Nourie, Manchester, N.H., for debtor in possession David Ellis.

Geraldine Karonis, Boston, Mass., U.S. Trustee's Office.

## ORDER

JAMES E. YACOS, Bankruptcy Judge.

This chapter 11 proceeding came before the Court on June 18, 1992, on a continued hearing on a motion for relief. The non-debtor ex-spouse of the above-named debtor filed a motion for relief from the automatic stay to permit her to go back into the state marital court to seek a redetermination of her alimony support obligation under a prior divorce decree. The debtor has countered with arguments that if that is permitted that will disrupt the reorganization plan process that is in effect in this Court.

Both parties have legitimate arguments as to their respective needs for relief either in this Court on the part of the debtor or in the marital court on the part of the ex-wife.

The issue essentially is which forum should determine the question of any change in the alimony support obligations of the ex-wife due to the changed circumstances that have affected both spouses since the original divorce decree. One of those changed circumstances of course is the filing of the bankruptcy petition by the husband.

On balance I believe this matter should be permitted to go back to the state marital court for redetermination of the appropriate alimony and support level for the ex-wife. See *In re Ziets*, 79 B.R. 222 (Bankr. E.D.Pa.1987), for an application of the necessary balancing process. Cf. also *In re MacDonald*, 755 F.2d 715 (9th Cir.1985). For one thing, the state court can act quicker than I can to deal with what may be a serious problem for the ex-wife. I'm told that hearings in that Court can be obtained in a month or two and that the chapter 11 plan in this case will not be ready for confirmation until sometime in October or November at the earliest.

Moreover, the plan that has been filed here in effect does attempt to restructure the alimony and support obligation and I'm not convinced that that is an appropriate function of a chapter 11 plan. It is true that the plan has an "escape valve" that would allow the ex-wife to go back to the marital court at some future time but I think arguably at least that might skew the analysis of the marital court as to whether it would reopen the alimony and support question.

The debtor has made a cogent argument that if the marital court increases the alimony and support obligation to a level that destroys the reorganization effort here, and the debtor loses his auto body business, that could destroy any possibility of reorganization he might end up with no financial capability to pay any such increased alimony and support.

However, I believe that that court is just as competent as I am to evaluate the financial realities of the situation and since it can act earlier than I can, I think I should adhere to the teaching of the long line of federal cases stemming from the Supreme Court decision in *Barber v. Barber*, 62 U.S. (1 How.) 582, 584, 16 L.Ed. 226 (1859), that indicate that where it is at all possible, a federal court should abstain or avoid interfering with determination of family law matters by the appropriate state courts.

Accordingly, the motion for relief is granted.

DONE and ORDERED.